(36 Misc. Rep. 262.)

### WILLENBROCK v. HAUSCHILDT et al.

(Supreme Court, Special Term, New York County. November, 1901.)

WILL—CONSTRUCTION—RIGHTS OF LEGATEES.
    Testator gave the income of a store and factory to his wife and married daughter for life, and the remainder to the issue of the daughter, and gave the daughter and his brother his business, with directions to carry it on and pay to his executor a certain rent for the store and factory. After testator's death the building was condemned. *Held*, that the brother and daughter took no interest in the award as representing the building, as when they ceased to occupy the same their rights ended.

Action by Frederick Willenbrock against Frederick Hauschildt and others to construe a will. Judgment rendered.

James L. Bishop, for plaintiff.
Jeroloman & Arrowsmith, for defendant Hauschildt.
William J. Martin, for defendant Tobelmann.

SCOTT, J. On May 24, 1887, John Henry Hauschildt died, leaving a mother, a widow, a daughter, Rebecca C. Tobelmann, wife of August Tobelmann, and two brothers, Frederick and Christopher Hauschildt. He left a will, of which the plaintiff is the sole surviving executor, and it is to obtain a construction of the seventh clause of that will that this action is brought. Among the property disposed of by the testator was certain real estate in Houston street, upon which he conducted a hardware business. By the fourth clause of his will he gave this property to his executors in trust to collect the rents and profits, and, after providing for taxes and expenses, to pay over the balance of the income in the proportion of two-thirds to his wife while she lived and remained his widow, and one-third to his daughter, Rebecca, during her life. After making provision for the payment of the income in the event that the wife died before the daughter, or the daughter before the wife, he devised the lots, after the death of both his wife and his daughter, to the children of his said daughter, or to the heirs of such children, in fee simple absolute, authorizing his executors, for the purpose of making division among the daughter's children, to sell

and convey the land. Since the testator's death the city of New York has condemned and taken the premises on Houston street as a school site, and the plaintiff has received therefor, and now holds, the amount of the award. It is as to its disposition that a question has arisen under the seventh clause of the will, which reads as follows:

"Seventh. My hardware business conducted by me at No. 456 East Houston street, and my factory business conducted by me in the rear of Nos. 452 and 456 East Houston street, in the city of New York, together with the stock in trade, fixtures, machinery, and tools connected therewith, I give and bequeath to my brother Frederick Hauschildt and my daughter, Rebecca C. Tobelmann, to be carried on *by my said brother and my daughter's husband, August Tobelmann; and they are to pay my executor hereinafter named the sum of fifty dollars per month as a rental for the use and occupation of said store and factory, and they are also to make at their own expense all necessary repairs to the said factory, and also to pay the water tax or rent that may become due on the boiler and factory building. Should there be any disagreement between my said brother and my said daughter or her husband, and either one should withdraw from said business, then and in that event I direct that the one withdrawing shall be paid the sum of one hundred dollars for his or her share in said hardware and factory business, to be paid by the one remaining and continuing said business."

It is claimed by Frederick Hauschildt, the brother to whom, conjointly with the testator's daughter, the business is bequeathed, that the clause above quoted gives to the legatees of the business an estate or interest in the land equivalent to a lease at the rental above stated for the lifetime of Rebecca Tobelmann, at whose death, by the terms of the fourth clause of the will, the title of the property is to pass out of the executor and vest absolutely in the children of said Rebecca; and since this alleged leasehold estate has been destroyed by the exercise of the right of eminent domain by the city, and money substituted for the land in the hands of the executors, Frederick Hauschildt further claims that he and Rebecca Tobelmann are to receive out of the award such sum as shall represent the value of their alleged leasehold estate or interest. The will, reading all its clauses together, shows that it was the desire of the testator that his wife and daughter should enjoy the income of the property during their lives, and that the daughter's children should ultimately own the property absolutely. It was clearly his further desire that his brother and his daughter should continue his business in the premises in which he himself had conducted it. The will, however, does not contemplate and makes no specific provision for the contingency which has now arisen, and which makes the entire fulfillment of the testator's desires impracticable. It is to be observed that, while the fourth clause of the will makes a complete disposition of the property, the seventh clause does not in specific terms give to the brother and daughter the right of occupying, or impose upon them the obligation to occupy, the premises in the prosecution of the business; and, even though it may be said that he inferentially gave such a right of occupancy, no limit of time is placed upon the continuance of that right, unless such limitation be found in the provisions of the fourth clause, which gives the property absolutely to Rebecca's children after her death. All that

is in terms bequeathed by the seventh clause is the hardware business conducted by him upon the premises in question, together with the stock in trade, fixtures, machinery, and tools connected therewith. Notwithstanding the absence of express words granting a right to occupy the property, such right is to be implied from the general scope of the seventh clause, and the fixation of what is alleged to be a rental far below the market value of the property. The most that can be inferred, however, is that the testator intended to give his legatees the right to use the property for the purposes of the business so long as they conducted the business at that place. It may be that for sentimental or other reasons he desired that the business which he had carried on should continue to be carried on in the same place in which he himself had conducted it, and that for that reason he had offered to the legatees of his business a low rental as an inducement to carry out his wishes as to the location of the business. There is nothing, however, to justify the inference that he intended to give to the legatees of the business the right to occupy the premises at the low rent fixed by him, except for the purpose of carrying on the business at that place. The moment, therefore, that they ceased to so carry on the business, whether by necessity or choice, the reason for their occupancy of the premises at the rent fixed by him ceased, and their right to so occupy it terminated. When the city of New York stepped in and took possession of the property, it could no longer be used for the purposes of the testator's business; and whatever right of occupancy the brother and daughter had under the will, if any, ended, because the condition under which that right rested could no longer be fulfilled. In my opinion, Frederick Hauschildt and Rebecca Tobelmann take no interest in the ... ding ... by the city for the property in question, under the seventh ... or the will. The form of decree may be settled on two days' notice.

Judgment accordingly.